NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN DUPRAY,<br><br>                Plaintiff,<br>v.<br><br>NY LOFT, LLC and ANA STERNBERG,<br><br>                Defendants. | Civil Action No.: 25-229<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is the partial motion to dismiss filed by defendants NY Loft, LLC ("NY Loft") and Ana Sternberg (together, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. Plaintiff Karen Dupray opposed the motion (ECF No. 5), and Defendants replied (ECF No. 6). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motion is **DENIED**.

**I.     BACKGROUND**

This case arises from Plaintiff's employment at and subsequent termination from NY Loft. ECF No. 1-1 ("Compl.") ¶ 5, 7. In February 2022, NY Loft hired Plaintiff as an administrative assistant at its warehouse in North Bergen, New Jersey. *Id.* ¶ 5. She alleges that one of the two co-owners of NY Loft, Ofer Goldshtein or Iko Aviv, posted a "centerfold of a frontally naked woman" on the wall in the workplace. *Id.* ¶ 8. Plaintiff first saw the centerfold in mid-December 2023, and it remained displayed until her termination on January 31, 2024.[1] *Id.* ¶¶ 10–15. On January 30, 2024, Plaintiff emailed Goldshtein and Aviv expressing that the centerfold made her

---

[1] Defendants contend that the photograph was not displayed until January 2024. ECF No. 4 at 1 n.2. But on a motion to dismiss, the court "must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the pleader." *Carter v. Bentley Motors, Inc.*, 489 F. Supp. 3d 316, 320 (D.N.J. 2020).

uncomfortable and asking them to remove it.  *Id.* ¶ 13.  Plaintiff alleges that her supervisor, Ava Sternberg, called Plaintiff and told her that the centerfold is a joke and that she should not be offended by it.  *Id.* ¶ 14.  During the same phone call, Sternberg informed Plaintiff that she was terminating her employment "because of [her] attendance, . . . not because of the email [she] sent" the day before.  *Id.* ¶ 18.

On September 24, 2024, Plaintiff brought this action against Defendants in the Superior Court of New Jersey, Bergen County, and Defendants removed it to this Court on January 9, 2025.  *See* ECF No. 1.  Plaintiff's complaint alleges claims for hostile work environment (Count One) and retaliation (Count Two) in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq*.  Defendants move to dismiss Plaintiff's hostile work environment claim (Count One).  ECF No. 4.

## II.  LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party.  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6).  *Iqbal*, 556 U.S. at 678 (citations omitted).

## III.  DISCUSSION

Defendants move to dismiss Plaintiff's NJLAD hostile work environment claim.  "Claims raised under the NJLAD are analyzed under the same framework applicable to Title VII cases."  *Waiters v. Aviles*, 418 F. App'x 68, 72 (3d Cir. 2011).  To succeed on a hostile work environment

claim under the NJLAD, a plaintiff must establish that "(1) she suffered intentional discrimination because of her sex; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) the existence of respondeat superior liability." *Williams v. Inspira Health Network*, No. 22-007, 2023 WL 7151222, at *6 (D.N.J. Oct. 31, 2023) (citing *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013)); and

Defendants challenge only the second prong: that the discrimination was severe or pervasive. *See* ECF No. 4 at 4. They argue that Plaintiff's allegations are insufficient because "a one-time display of a 'sexually graphic photograph' in the workplace" is insufficient to establish "severe or pervasive" discrimination. *Id.* at 5. Only in "a rare and extreme case" will "a single incident" be "so severe that it would . . . make the working environment hostile." *Thompson v. S. Amboy Comprehensive Treatment Ctr.*, No. 18-9923, 2021 WL 3828833, at *5 (D.N.J. Aug. 27, 2021) (quoting *Lehmann v. Toys R Us, Inc.*, 626 A.2d 445, 455 (N.J. 1993)). But Defendants displayed a pornographic photograph in the workplace every day for "at least six weeks," not just on one single day. FAC ¶ 12. Plaintiff's exposure to the photograph appears to have been a daily occurrence. "The court must consider cumulative effect, keeping in mind 'that each successive episode has its predecessors, that the impact of the separate incidents may accumulate, and that the work environment created may exceed the sum of the individual episodes.'" *Ivan v. Cnty. of Middlesex*, 595 F. Supp. 2d 425, 452 (D.N.J. 2009) (quoting *Lehmann*, 626 A.2d at 455).

In addition to the daily, compounding occurrences of the alleged harassment, Plaintiff notes that the photograph was displayed by one of the co-owners, who held a position of power over Plaintiff. Compl. ¶ 8. "When an act is done by a supervisor its severity may be exacerbated because the supervisor has a unique role in shaping the work environment." *Ivan*, 595 F. Supp. 2d at 452 (citing *Taylor v. Metzger*, 706 A.2d 685, 690 (N.J. 1998)); *see also Hargrave v. Cnty. of*

*Atl.*, 262 F. Supp. 2d 393, 416 (D.N.J. 2003) (finding that the "severity of [defendant's] conduct was aggravated by the fact that he was a member of the management staff"); *Leonard v. Metro. Life Ins. Co.*, 723 A.2d 1007, 1011 (N.J. App. Div. 1999) ("[T]he severity of the remarks was underscored by the fact that they were uttered by plaintiff's supervisor."). These allegations, taken together, sufficiently allege a hostile work environment at the pleading stage.

This finding is particularly appropriate given that courts are hesitant to dismiss hostile work environment claims based only on a failure to allege severity or pervasiveness. *See* Booker v. National R.R. Passenger Corp., 880 F. Supp. 2d 575, 582 (E.D. Pa. 2012 ) ("Courts in this Circuit have . . . 'shown a reluctance to dismiss a complaint at the 12(b)(6) stage when the primary challenge to the hostile work environment claim is whether or not the conduct in question is severe and/or pervasive.'"); *Ingram v. Vanguard Grp, Inc.*, No. 14-3674, 2015 WL 4394274 at *19 (E.D. Pa. July 17, 2015) ("[D]etermining whether harassing conduct is sufficiently severe or pervasive is a highly fact-intensive inquiry . . . . [S]ummary judgment provides a more appropriate vehicle to resolve [this issue], as the parties at that stage have had an opportunity to conduct discovery and develop their claims."). Additionally, the New Jersey Supreme Court has advised that the NJLAD "should be liberally construed." *Nini v. Mercer Cnty. Cmty. Coll.*, 995 A.2d 1094, 1100 (N.J. 2010). Accordingly, the Court will not dismiss Plaintiff's hostile work environment claim at the pleading stage.

**Accordingly, IT IS**, on this 18th day of August, 2025,

**ORDERED** that Defendants' motion (ECF No. 4) is **DENIED**.

**SO ORDERED.**

                                                                              */s/ Claire C. Cecchi*
                                                      **CLAIRE C. CECCHI, U.S.D.J.**